IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH EDWARD CAPOGRECO,

    Petitioner,                    No. CIV S- 06-1670 MCE GGH P

    vs.

STATE OF CALIFORNIA,

    Respondent.                 ORDER

        Petitioner, proceeding pro se, has filed an application which the court must construe as a petition pursuant to 28 U.S.C. §2254. Pursuant to the court's order, filed August 9, 2006, petitioner subsequently filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Although petitioner seeks to characterize his application as one for a writ of [error] coram nobis, such relief is now statutorily prohibited. Fed. R. Civ. P. 60(b)("[w]rits of coram nobis ...are abolished....").[1] Petitioner also seeks to circumvent 28 U.S.C. § 2254 by

---

[1] Even historically, a petition seeking coram nobis relief would not be permitted where petitioner challenged a state court proceeding in federal court. Boags v. Beverly Hills Mun.

1

1  contending that his challenge to his conviction is predicated upon contract law, specifically the
2  alleged breach of his plea bargain contract by the prosecution and the Sacramento County
3  Superior Court in which he entered his guilty plea, apparently in order to avoid a possible death
4  sentence, to two counts of murder with special circumstances and use of a firearm in commission
5  of a felony, after which he was sentenced to a life sentence without the possibility of parole plus
6  two years. Petition, pp. 5-6. However, petitioner's allegations that the state has breached a plea
7  agreement and any analysis of state contract law can only arise within the context of a habeas
8  petition under 28 U.S.C. 2254. See, e.g., Davis v. Woodford, 446 F.3d 957 (9th Cir. 2006).

9  Court records appear to indicate that petitioner has filed a prior petition in this
10 court challenging his 1985 conviction. In Capogreco v. Sacramento County, Case No. CIV S-
11 98-1410 GEB GGH P, the petition was dismissed on October 23, 1998, and judgment thereon
12 entered.² "Before a second or successive application ...is filed in the district court, the applicant
13 shall move in the appropriate court of appeals for an order authorizing the district court to
14 consider the application." 28 U.S.C. § 2244(3)(A). Under Ninth Circuit Rule 22-3, "[i]f a second
15 or successive petition or motion, or an application for leave to file such an application or motion,
16 is mistakenly submitted to the district court, the district court shall refer it to the court of
17 appeals."

---

Court, 988 F.2d 117 n. 2 (9th Cir. 1993)("[t]he writ of error coram nobis is a common law writ used to obtain review and correction of a factual error affecting the validity of a judgment by the same court which rendered it"); Hensley v. Municipal Court, et al., 453 2d 1252 n.2 (9th Cir. 1972), reversed on other grounds, 411 U.S. 345, 93 S. Ct. 1571 (1973)("[c]oram nobis lies only to challenge errors occurring in the same court"). Moreover, even a federal petitioner would not be eligible to proceed upon such a writ in federal court while in custody. U.S. v. Kwan, 407 F.3d 1005, 1011 (9th Cir. 2005)(petitioner may not circumvent the AEDPA when eligible for relief under the more usual remedy of a habeas petition). Estate of McKinney By and Through McKinney v. U.S., 71 F.3d 779, 781 (9th Cir. 1995) ("[t]he writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody"); Larche v. Simons, 53 F.3d 1068 (9th Cir. 1995).

² In fact, court records also indicate that petitioner filed an application for a writ of habeas corpus in Case No. Civ - S - 93-0182 WBS JFM P, which was denied on May 2, 1996, a decision affirmed by the Ninth Circuit in a filing in this court on May 12, 1997.

1  The instant petition may be a second or successive petition to CIV S-98-1410
2  GEB GGH P because it appears to also be challenging the 1985 conviction and sentence.
3  Petitioner must show cause why this action should not be transferred to the Ninth Circuit for the
4  Ninth Circuit Court of Appeals to consider whether an order should issue allowing petitioner to
5  proceed with this action.
6  Accordingly, IT IS HEREBY ORDERED that petitioner demonstrate, within 30
7  days, that the instant action is not a successive petition, which must be transferred to the Ninth
8  Circuit.
9  DATED: 11/27/06                                                  /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

13  GGH:009
    capo1670.osc