1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH EDWARD CAPOGRECO,

11            Petitioner,              No. CIV S-06-1670 MCE GGH P

12       vs.

13   STATE OF CALIFORNIA,

14            Respondent.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner, proceeding pro se, has filed an application which the court must

17   construe as a petition pursuant to 28 U.S.C. §2254.  See Order, filed on 11/27/06.  Petitioner was

18   directed to show cause why his petition, which appeared to challenge his 1985 conviction, should

19   not be dismissed as successive, as he had already challenged that conviction in a habeas petition

20   in this court.  See Capogreco v. Sacramento County, Case No. CIV S- 98-1410 GEB GGH P,

21   wherein the petition was dismissed on October 23, 1998, and judgment thereon entered.[1]

22            In his response to the show cause order, petitioner does not dispute that he should

23   be deemed to be proceeding pursuant to 28 U.S.C. § 2254, rather than upon a writ of [error]

24   _____

25            [1] In fact, court records also indicate that petitioner had filed an earlier application for a
     writ of habeas corpus in Case No. Civ -S- 93-0182 WBS JFM P, which was denied on May 2,
26   1996, a decision affirmed by the Ninth Circuit in a filing in this court on May 12, 1997.

1

coram nobis, and, although he does not reference Case No. CIV S- 98-1410 GEB GGH P, concedes that he filed a federal habeas petition challenging his conviction in Case No. CIV S-93-0182 WBS JFM P.[2]  Response to Order to Show Cause, pp. 1-2.  He contends, however, that his application is not successive because it deals with contractual law and because the terms of the plea agreement that he challenges herein were not violated until 2005.  Id. at 2.

As the court observed earlier, petitioner is alleging the breach of his plea bargain contract by the prosecution and the Sacramento County Superior Court in which he entered his guilty plea, apparently in order to avoid a possible death sentence, to two counts of murder with special circumstances and use of a firearm in commission of a felony, after which he was sentenced to a life term without the possibility of parole plus two years.  Petition, pp. 5-6.  Specifically, petitioner contends that by the terms of his plea agreement, he understood that he was to "be eligible for parole after 33 and 1/3 years and that he would be seen by the Data [sic] Review Board prior to the 33 and 1/3 year date."  Petition, p. 6.  While petitioner concedes his LWOP sentence, he states that when received by the California Department of Corrections and Rehabilitation (CDCR) on August 13, 1985, he was issued a Board of Prison Terms (now Board of Parole Hearings) date of August, 2015, and a Date Review Board (DRB) date of 2005.  Id.  Petitioner contends that CDCR has not referred him to the DRB and has "revoked all BPT and DRB dates from defendant creating a contractual breach."  Id. at 7.   He now seeks to have the plea agreement voided and to stand trial upon the original charges.  Id at 10.

Petitioner concedes that he has previously brought a habeas petition challenging his conviction in this court.  While petitioner characterizes his current challenge as one based on contract law, as he has been previously informed, his allegations that the state has breached a plea agreement and any analysis of state contract law can only arise within the context of a

_____

[2] As previously noted, court records indicate that petitioner filed an application for a writ of habeas corpus in Case No. Civ - S- 93-0182 WBS JFM P, which was denied on May 2, 1996, a decision affirmed by the Ninth Circuit in a filing in this court on May 12, 1997.

1    habeas petition under 28 U.S.C. 2254.  See, e.g., Davis v. Woodford, 446 F.3d 957 (9th Cir.

2    2006); see also, Buckley v. Terhune, 441 F.3d 688 (9th Cir. 2006).

3            Under 28 U.S.C. § 2244(b)(2), a claim presented in a second or successive § 2254

4    petition that was not earlier presented in a prior petition "shall be dismissed unless--"

5            (A) the applicant shows that the claim relies on a new rule of constitutional law,
             made retroactive to cases on collateral review by the Supreme
6            Court, that was previously unavailable; or
             (B)(I) the factual predicate for the claim could not have been discovered
7            previously through the exercise of due diligence; and
             (ii) the facts underlying the claim, if proven and viewed in the light
8            of the evidence as a whole would be sufficient to establish by clear
             and convincing evidence that, but for constitutional error, no
9            reasonable factfinder would have found the applicant guilty of the
             underlying offense.

10

11           However, "[b]efore a second or successive application permitted by this section is

12   filed in the district court, the applicant shall move in the appropriate court of appeals for an order

13   authorizing the district court to consider the application."  28 U.S.C. § 2244(3)(A).

14           The instant petition challenges petitioner's 1985 conviction/sentence previously

15   challenged in this federal district court under 28 U.S.C. § 2254 and is therefore a successive

16   petition.  Petitioner must file a motion before the Ninth Circuit Court of Appeals for an order

17   authorizing this court to consider his current challenge.

18           Accordingly, IT IS HEREBY RECOMMENDED that petitioner's successive

19   application for a writ of habeas corpus be dismissed.

20           These findings and recommendations are submitted to the United States District

21   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

22   days after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25   shall be served and filed within ten days after service of the objections.  The parties are advised

26   \\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 01/16/08

/s/ Gregory G. Hollows

4  _____

5  GREGORY G. HOLLOWS
   UNITED STATES MAGISTRATE JUDGE

6

7

8  GGH:009
   capo1670.fr

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26